[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12158

Non-Argument Calendar

_____

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

*versus*

ROYAL BENGAL LOGISTICS, INC.,

Defendant-Appellee,

CONSTANTINA CELICOURT, et al.,

Defendants,

SANJAY SINGH,

Defendant-Appellant,

TD BANK, N.A.,

Respondent.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-61179-DSL

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

The Securities and Exchange Commission's ("SEC") motion to dismiss this appeal for lack of jurisdiction is GRANTED. Sanjay Singh, proceeding *pro se*, appeals from the district court's omnibus pretrial order that denied: (1) his motion to alter or amend an earlier order denying Singh's motion for sanctions, (2) his motion to take judicial notice of certain facts, and (3) his amended motion to quash his deposition on the basis that, as a party to the case, the deposition was akin to one of opposing counsel and would seek information that was privileged or protected by the work product

doctrine.  The SEC argues that the court's order was neither a final order, because it did not end the case on the merits; nor an appealable interlocutory order, because it is effectively reviewable on appeal from a final judgment.

We agree.  The district court's omnibus order did not end the litigation on the merits, and it is therefore not an appealable final judgment.  *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009).  Additionally, the order is not immediately appealable under the collateral order doctrine because Singh may raise arguments about each ruling in the court's omnibus order after a final judgment is issued in the case.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (providing that the collateral order doctrine permits review of interlocutory orders that (1) conclusively determine a disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) are effectively unreviewable on appeal from the final judgment); *Doe No. 1 v. United States*, 749 F.3d 999, 1004 (11th Cir. 2014) (stating that interlocutory discovery orders are generally not immediately appealable); *see also Cunningham v. Hamilton Cnty*, 527 U.S. 198, 205-10 (1999) (holding that an order imposing sanctions on counsel under Fed. R. Civ. P. 37(a)(4) was not immediately appealable as it was not separate from the merits and it was reviewable on appeal following final judgment); *DeSisto College, Inc. v. Line*, 888 F.2d 755, 762 (11th Cir. 1989) (explaining that the immediate reviewability of a sanctions order is determined by whether it is directed at "a non-party who might not be able to obtain review from a final judgment"); *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103 (2009)

(stating that pretrial orders directing a party to disclose materials on the grounds that the party had waived the attorney-client privilege are not immediately appealable); *Drummond Co., Inc. v. Collingsworth, Conrad & Scherer, LLP*, 816 F.3d 1319, 1323-24 (11th Cir. 2016) (stating that where the privilege holder is a party to the underlying litigation, he can vindicate his rights through an appeal after final judgment).

Finally, Singh appears to challenge an earlier district court ruling denying his motion for judgment on the pleadings, which is not contained in the omnibus order. But that ruling is not final or immediately appealable either, as it is neither separate from the merits nor unreviewable after final judgment. *See Plaintiff A*, 744 F.3d at 1252-53.

This appeal is DISMISSED for lack of jurisdiction. All pending motions are denied as MOOT.